**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
Charleston Division

**THE WEBB LAW FIRM, P.L.L.C.**,
a West Virginia Professional Limited
Liability Corporation,

                                Plaintiff,                    Case No.  2:13-cv-_21470____

v.

**THE WEBB LAW FIRM, P.C.**,
A Pennsylvania Professional Corporation,

                                Defendant.

**COMPLAINT SEEKING**
**<u>DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF</u>**

      **COMES NOW** the Plaintiff, *The Webb Law Firm, P.L.L.C.*, pursuant to the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, and for its Complaint against the Defendant, *The*

*Webb Law Firm, P.C.*, states and alleges as follows:

**<u>NATURE OF ACTION</u>**

      This is a civil action seeking declaratory, injunctive, and other relief, including attorneys'

fees, costs, and expenses, against the Defendant for its acts of threatening suit for alleged service

mark infringement, service mark dilution, false designation of origin, cybersquatting, trade dress

infringement and unfair competition under the federal laws of the United States of America, as

well as the statutory law of the State of West Virginia.

**PARTIES**

1.      The Webb Law Firm, P.L.L.C. (sometimes "the Plaintiff" or "the Firm"), is a West Virginia limited liability corporation engaged in the profession and practice of law limited to the areas of personal injury and family law in southern West Virginia, with its principal place of business in Charleston, West Virginia, 25301.

2.      The Webb Law Firm, P.C. (sometimes "the Defendant" or "the Pennsylvania Firm") is a professional corporation engaged in the profession and practice of law in the exclusive area of intellectual property with its principal place of business in Pittsburgh, Pennsylvania.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over the Plaintiff's federal claim pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, in that this Complaint asserts federal questions arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  Additionally, this Court has subject matter jurisdiction over the Plaintiff's unfair competition claims pursuant to 28 U.S.C. § 1338(b), *and over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a).*

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), since a substantial part of the events giving rise to the Plaintiff's claim occurred in this District.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over the Plaintiff's common law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.      This Court has personal jurisdiction over the Defendant because it offers its services to potential clients in the District by way of an interactive website that is publicly available for use in this District   The website is available at www.webblaw.com.  Moreover, the Defendant's threats of suit were made in this District.

## FACTS COMMON TO ALL COUNTS

*The History of The Webb Law Firm, P.L.L.C. and Charles R. Webb*

7.      A *Google* search of the "The Webb Law Firm" returns 2,480,000 results.  Cities in which lawyers use the "Webb Law Firm" include Seattle, Washington; South Jordan, Utah; Bellevue, Washington; Dallas, Texas; and Cincinnati, Ohio, to name a few.

8.      The ancestors of Charles R. Webb came to the Americas to Jamestown in 1609 from Gloucester, England.

9.      The Webb family settled in Virginia and eventually in western Virginia.

10.      After West Virginia was declared a state by President Abraham Lincoln by proclamation of June 20, 1863, the Webb family ancestors were living in southern West Virginia in Raleigh County and eventually Boone County where Charles R. Webb was raised and attended public schools.

11.      In May, 1987, Charles R. Webb, the first person on both sides of his family to graduate from college, graduated from the West Virginia University College of Law.

12.      Mr. Webb has practiced law in southern West Virginia for the past 26 years. From 1987 to 1989, he practiced corporate defense law, and for the next 24 years he has focused on the areas of family law and personal injury.

13.      In February of 1996, Mr. Webb formed a partnership which incorporated the *Webb* name as the law firm of two partners [Giatras and Webb].

3

14.     In February, 2006, Mr. Webb started a solo practice and adopted The Webb Law Firm, P.L.L.C. as the official name of the firm, and has continuously operated under that name since that time.

15.     Mr. Webb personally designed and has vigorously branded his logo, incorporating his family crest, which dates back to his ancestors in England.



16.     Mr. Webb registered the Firm's name with the West Virginia Secretary of State on February 3, 2006 (orig. *ID* 243827) (*See* Exhibit No. 1).

17.     The Firm only engages in the practice of law within West Virginia, and its practice is in no sense national or international.

18.     The Firm operates out of its office in Charleston, West Virginia with satellite offices in two other southern West Virginia towns, including his hometown of Madison and his adopted town of Lewisburg, where his practice is limited to personal injury and family law in southern West Virginia.

19.     The Firm does not have clients consisting of multinational Fortune 100 entities, nor startup ventures or any entities in many established industries including steel, glass, medical devices, advanced manufacturing, life sciences or information technology.

20.     The Firm does not offer any legal services related to intellectual property or trade secrets.

21.     With regard to marketing, the Firm has: a website (rustywebb.com), which markets exclusively for personal injury and family law; one billboard on I-77 north near Beckley, in southern West Virginia, which displays a toll-free number and rustywebb.com; and a contract with RW Lynch for television advertising for *Injury Hotline* in designated counties southeastern West Virginia, including the southern cities of Beckley and Lewisburg

22.     The Firm's marketing and media articles are limited to Mr. Webb's legal activities related exclusively to personal injury representation, and family law and occasionally his athletic and physical fitness accomplishments and activities.

23.     Mr. Webb has been elected three times as National Chair of the Family Law section of the *American Trial Lawyers Association* [ATLA] and the *American Association for Justice*, its successor.

24.     The Firm is a participant in *Operation-Stand-By*, a project of the ABA Family Law Sections Military Committee in which participating attorneys answer questions for military "JAG" officers about family law issues in their jurisdiction.

25.     Mr. Webb is a member of the Kanawha County Bar Association, the West Virginia State Bar, the American Association for Justice (formerly the Association of Trial Lawyers of America), and the American Bar Association.  He was recognized as an Advocate by

the National College of Advocacy of the Association of Trial Lawyers of America (now AAJ) in September of 2001.

26.     Mr. Webb is a former National Chair of the Family Law Committee of the Associations of Trial Lawyers of America and the immediate past National Chair of the Family Law Committee of the American Association of Justice.  He is also a member of the Resort Tort Litigation Group, the Casino Gaming Litigation Group, the Motor Vehicle Collision, Highway and Premises Liability Section, the Fentanyl Patch Litigation Group and the Sole Practitioner and Small Firm Section.

27.     Mr. Webb is a member of the Family Law Committees of the West Virginia State Bar Association and the American Bar Association.

28.     Mr. Webb is licensed to practice in the state of West Virginia, and has been admitted to practice in the West Virginia Supreme Court of Appeals, the Federal Court for the Southern District of West Virginia, and the Fourth Circuit Court of Appeals.

29.     A summary of Mr. Webb's practice areas include:  Child Custody; Divorce; Divorce Mediation; Domestic Relations; Domestic Torts; Domestic Violence; Equitable Distribution; Family Mediation; Interstate Support; Marital Agreements; Marital Property Distribution; Marital Property Law; Marital Property Settlements; Matrimonial Law; Name Changes: Paternity; Post Divorce Modification; Postnuptial Agreements; Premarital Agreements; Qualified Domestic Relations Orders (QDROs); Restraining Orders; Separation Agreements; Spousal Support; Alimony; Child Support; Adoption; Children; Adoption Law; Child Abuse and Neglect; Child Custody; Mediation; Child Dependency; Child Protection; Grandparents Custody; Grandparents Visitation Rights; Independent Adoptions; Parental Rights; Parenting Time; Private Adoptions; Third Party Custody; Visitation Rights; Guardianship and Conservatorship;

Guardian Ad Litem; Medical Negligence; Annulment; Cohabitation Agreements; Uncontested Divorce; Accidents; Automobile Accidents and Injuries; Automobile Negligence; Bodily Injury; Brain Injury; Catastrophic Injury; Head Injury; Motor Vehicle Accidents and Injuries; Motorcycle Accidents; Plaintiffs Personal Injury; Third Party Wrongful Death; Wrongful Death; and Class Actions.

30.    Mr. Webb has lectured on issues in family law such as; *Domestic Law in West Virginia*, National Business Institute, 1997; *Equitable Distribution in Divorce Settlements in West Virginia Valuation, Tax and Other Issues,* National Business Institute, 1998; *Recent Changes in Domestic Relations Law in West Virginia*, Lorman Education Services, 2000.

31.    Mr. Webb is listed in the 2012 Edition of *SuperLawyers* for family law.

32.    Since February 2006, the Firm has expended significant resources marketing and branding its services and logo using "THE WEBB LAW FIRM," and "rustywebb.com" marks, including banners, apparel, running shirts, cycling shirts, flags and sundry items all utilizing a unique logo incorporating his family crest.   As a direct result of the time, resources and effort dedicated to promoting the "THE WEBB LAW FIRM" and "rustywebb.com" marks, the Firm's, clients, its competitors and the general public have come to associate the high quality legal services in personal injury and family law in southern West Virginia provided by the "THE WEBB LAW FIRM" logo forms, as well as the "rustywebb.com" mark.

33.    Due to the high quality of personal injury and family law legal services provided to the Firm's clients, the duration of use of the "THE WEBB LAW FIRM" and "rustywebb.com" marks, and logo, reputation as one of premier family law firms in West Virginia the "THE WEBB LAW FIRM" and "rustywebb.com" marks and logo have become very valuable assets, and are famous marks and logos.

34.     Since February 2006, the Firm has operated a website at crwlawfirm.com and then, www.rustywebb.com to advertise its legal services in the personal injury and family law areas.

35.     Since February, 2006, the Firm adopted a stylized form of the "THE WEBB LAW FIRM" mark and logo consisting of the words THE WEBB LAW FIRM and the tag line, ("He's up for the fight," and currently, "Results you want, Experience you need.")  The unique black, gold and red family shield has been used since March, 2006, and that coordinated color scheme has appeared in marketing materials, including print advertisements, business cards, letterhead and other written communications, and on the Firm website at www.crwlaw.com, then rustywebb.com, continuously since its adoption through today.  The logo, color scheme and tag line are collectively known as "Webb Trade Dress":



36.     The Webb Trade Dress, including the arrangement and combination of elements and distinctive combination of colors, is arbitrary, fanciful, unique, functional and well-recognized as distinctive of the legal services offered by The Webb Law Firm, P.L.L.C.

37.     The on-hold music used in the telephone system at the Firm is "Country Roads," a well known West Virginia classic.

38.     The Webb Trade Dress represents and identifies the source of legal services provided by the Firm, and embodies the substantial amount of goodwill associated with the provision of such services.

39.     None of the lawyers of the Pennsylvania Firm are licensed to practice law in West Virginia, but are licensed to practice in such places as Ohio, Pennsylvania, Washington DC, New Jersey, and New York.

40.     All of the lawyers at the Firm are licensed to practice only in West Virginia.

41.     None of the lawyers of the Pennsylvania Firm have the surname *Webb.*

42.     All of the Lawyers at the Firm have the surname *Webb*.

43.     Rule 7.1 of the *West Virginia Rules of Professional Conduct* prohibits a West Virginia lawyers from making a false or misleading statement about themselves or the services they offer.

44.     Rule 7.5 of the *West Virginia Rules of Professional Conduct* prohibits a West Virginia lawyer from using a firm name that violates rule 7.1.

45.     While serving in the West Virginia Legislature from 1996-2004, as a member of the Judiciary Committee, Mr. Webb was a primary drafter of the shared parenting law passed in 1999, and the creation of the Family Court system and Recodification of the Family Law Statute in the year 2001.  He also was appointed to Subcommittee B of the Joint Committee on the Judiciary and to the Senate-House Conference Committee on the creation of the Family Court system and Recodification by the Speaker of the House, Robert S. Kiss in April, 2000.  He was

also appointed and served as a member of the Select Committee to Study Court Facilities by the Speaker of the House in April, 2000.

46.     In November, 2000, Mr. Webb was appointed as Vice Chair of the West Virginia child Health Care Commission by then Chief Justice of the Supreme Court of Appeals of West Virginia, Elliott E. "Spike" Maynard.   The purpose of the Commission was to assist in the development of information and marketing through judicial entities the West Virginia CHIPS program (Children's Health Insurance Program).

*The Defendant's Unlawful Conduct*

47.     Without just cause, on July 17, 2013, the Defendant sent the Plaintiff a "cease and desist letter" demanding the Plaintiff cease use of the "moniker" The Webb Law Firm, and suggest another name by which Mr. Webb should market,  and stated further:

> We are willing to afford you a reasonable period of time to transition from such use, so long as a disclaimer is immediately put in place on your website and in your marketing materials, and the like, to indicate that no affiliation exists between your firm and our firm.

(*See* letter dated July 17, 2013 attached hereto as Exhibit No. 2).

48.     Upon information and belief, the demands of the Pennsylvania Firm are based on one errant phone call from Beckley, West Virginia.

49.     Under duress, the Plaintiff complied with the request to place a disclaimer of his rustywebb.com website.

50.     As of the date of the filing of this Complaint, the Defendant seems intent to sue the Plaintiff and with the intent to cause it substantial financial harm.

## COUNT I

*Seeking a Declaration That Use of "The Webb Law Firm, P.L.L.C." Neither Violates the Lanham Act, nor Constitutes Trademark Infringement or Unfair Competition*

51.     The Plaintiff incorporates by reference the allegations of the preceding Paragraphs of this Complaint.

52.     The Plaintiff's use of The Webb Law Firm, P.L.L.C., and design mark is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Plaintiff with the Defendant nor any other person, or as to the origin, sponsorship, or approval of the Plaintiff's goods by the Defendant or any other person.

53.     Accordingly, the Plaintiff is entitled to a declaratory judgment that its use of the name "The Webb Law Firm, P.L.L.C.," and design mark does not violate Section 32 or Section 43(a) of the *Lanham Act*, or constitute unfair competition or trademark infringement under the common law of any state in the United States.

## COUNT II

*Seeking a Declaration That "The Webb Law Firm, P.L.L.C." is Not a Reproduction, Copy, Counterfeit, or Colorable Imitation of the Defendant's Name*

54.     The Plaintiff incorporates by reference the allegations of the preceding of this Complaint.

55.     The name "The Webb Law Firm, P.L.L.C.," and design mark is not a reproduction, copy, counterfeit, or colorable imitation of Defendant's The Webb Law Firm, P.C., mark under the *Lanham Act*, 15 U.S.C. § 1051 *et seq*.

56.     Accordingly, the Plaintiff is entitled to a declaratory judgment that the name "The Webb Law Firm, P.L.L.C.," and design mark is not a reproduction, copy, counterfeit, or

11

colorable imitation of Defendant's The Webb Law Firm, P.C., mark under the *Lanham Act*, 15 U.S.C. § 1051 *et seq*.

**WHEREFORE,** The Webb Law Firm, P.L.L.C., prays that this Court grant it the following relief:

1. A declaration that its use of the "The Webb Law Firm, P.L.L.C." and design mark does not violate Section 32 or Section 43(a) of the *Lanham Act*, or constitute unfair competition or trademark infringement under the common law of any state in the United States.

2. A declaration that "The Webb Law Firm, P.L.L.C." and design mark is not a reproduction, copy, counterfeit, or colorable imitation of the Defendant's The Webb Law Firm, P.C., mark under the *Lanham Act*, 15 U.S.C. § 1051 seq.

3. An award of costs and attorneys' fees;

4. An injunction prohibiting the Defendant from further threats and harassment; and

5. All such other and further relief as the Court deems to be proper and just.

Respectfully submitted,
**THE WEBB LAW FIRM, P.L.L.C.**
By counsel,

_____/s/ Kent J. George_____

Kent J. George (WV ID 4842) kjg@ramlaw.com
Edward J. George (WV ID 5410) ejg@ramlaw.com
Marsha W. Kauffman (WV ID 6979) mwk@ramlaw.com
Robinson & McElwee, PLLC
Post Office Box 1791
Charleston, West Virginia 25301
Phone:  (304) 344-5800
Fax:  (304) 344-9566